**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARGARET FOSTER,** | : | |
| | : | |
| **Plaintiff** | | **CIVIL ACTION NO. 3:16-1096** |
| | : | |
| **v.** | | **(JUDGE MANNION)** |
| | : | |
| **CRESTWOOD SCHOOL** | | |
| **DISTRICT***, et al.,* | : | |
| | | |
| **Defendants** | : | |

**M E M O R A N D U M**

## I.   BACKGROUND[1]

Plaintiff Margaret Foster has been the Principal of Fairview Elementary School, which is part of the Crestwood School District ("CSD"), since 2012. In May 2015, the Superintendent of Schools for CSD announced that he was retiring effective January 2016. Plaintiff then applied for the Superintendent position. At a November 19, 2015 meeting, the CSD Board of Directors ("CSD Board") accepted the Human Resources Committee's recommendation that the Board enter into an agreement with plaintiff to serve as the Superintendent of Schools for CSD effective January 8, 2016 through June 30, 2019, at an initial salary of $115,000 per year, contingent upon receipt of necessary Superintendent qualification documentation/clearances and subject

---

[1]All facts are taken from plaintiff's complaint, (Doc. 1), unless otherwise noted. The facts alleged in plaintiff's complaint must be accepted as true in considering the defendants' motion to dismiss. *See* Dieffenbach v. Dept. of Revenue, 490 Fed.Appx. 433, 435 (3d Cir. 2012); Evancho v. Evans, 423 F.3d 347, 350 (3d Cir. 2005).

to review of the final contract terms by the CSD Solicitor. On November 27, 2015, the President of the CSD Board and plaintiff signed a Contract for Employment of the Superintendent of CSD (the "Contract") after it was approved by the District Solicitor. The Contract provided that the CSD would function in accordance with the provisions of the Public School Code. Subsequently, plaintiff completed all of the requirements to be Superintendent and advised CSD.

At the December 10, 2015 CSD Board meeting, three newly-elected CSD Board Directors, including defendants Ron Sturgeon and Joseph Kaminski, became part of the Board. At this meeting, the new CSD Board held an executive session and passed a verbal motion which was added to the agenda to rescind the Board's action of November 19th which had approved entering into the agreement with plaintiff to serve as the new CSD Superintendent. Six Board Directors voted in favor of the rescission, including defendants Kaminski, Sturgeon and Maureen McGovern. Plaintiff alleges that when the CSD Board and the three individual defendants voted to rescind the Board's prior action, they knew that their rescission was unlawful.

Prior to the next CSD Board meeting, the directors and the solicitor were advised that plaintiff had completed the course work, testing and certification process and currently held a valid Superintendent Letter of Eligibility. Nonetheless, at the January 7, 2016 CSD Board meeting, the CSD Board passed a motion that appointed Brian Waite as Acting CSD Superintendent for up to one year.

The CSD Board then held a special meeting on April 11, 2016 and approved the appointment of Joseph Gorham as the CSD Superintendent. Gorham started his new position as Superintendent on April 13, 2016.

Plaintiff alleges that "[t]he action of the Defendants rescinding the CSD Board's prior appointment of [her] and prior approval of [her] Contract was without legal basis or authority, either in the Public School Code or otherwise." Plaintiff alleges that the appointments of Waite and Gorham were invalid. She also alleges defendants CSD and the CSD Board failed to provide her with the rights provided in the Contract and required by law, including "the right to proper notice and a fair and impartial hearing prior to terminating her Contract." As a result of defendants' alleged unlawful conduct, "plaintiff has suffered and incurred damages, including lost wages and benefits, humiliation, embarrassment, injury to her reputation and emotional distress." (Doc. 1 at ¶'s 36-39).

On June 8, 2016, plaintiff filed the instant civil rights action pursuant to 42 U.S.C. §1983 against defendants CSD, CSD Board of Directors, Sturgeon, Kaminski and McGovern. (Doc. 1). Plaintiff sues Sturgeon, Kaminski and McGovern only in their individual capacities. Plaintiff alleges that her 14th Amendment procedural due process rights were violated with respect to her termination as CSD Superintendent.

Specifically, in Count I, plaintiff alleges that she had a protected property interest in public employment as Superintendent of CSD under the Contract and under the Pennsylvania Public School Code (the "Code"), 24

Pa.C.S. §1-101, *et seq*. Plaintiff alleges that she was not afforded pre-deprivation due process by all defendants seemingly under the requirements of Cleveland Bd. of Education v. Loudermill, 470 U.S. 532 (1985). She alleges that both the Contract and the Code require that she be given due process before termination of the Contract. In particular, plaintiff alleges that defendants failed to give her notice of the reasons for the rescission of her appointment as Superintendent and her employment agreement, and that defendants failed to hold a hearing regarding their decision to rescind her appointment. As such, plaintiff avers that all of the defendants violated her procedural due process rights under the 14th Amendment.

Plaintiff also alleges that the three individual defendants improperly interfered with her appointment and the Contract in retaliation for actions she took regarding certain CSD employees when she was Principal of the elementary school.

Plaintiff states that post-deprivation remedies are inadequate since defendants already hired Gorham as Superintendent on April 11, 2016, and that he has held the position with the approval and at the direction of the defendants. She also alleges that "defendants' actions were done with a reckless, callous and/or deliberate indifference to [her] federally protected rights." (Doc. 1 at ¶ 52).

As relief in Count I, plaintiff seeks compensatory damages and punitive damages as well as attorneys' fees pursuant to 42 U.S.C. §1988 and costs.

In Count II, plaintiff raises a state law breach of contract claim against

4

defendants CSD and CSD Board. Plaintiff alleges that she satisfied all conditions of the Contract to hire her as Superintendent and she met all legal requirements necessary for her to serve in this position effective January 8, 2016. Plaintiff alleges that defendants CSD and CSD Board breached her Contract "by attempting to rescind it without proper cause and without notice or a hearing" and, "by appointing an Acting Superintendent on January 7, 2016 and failing to allow [her] to take office as the Superintendent of CSD on January 8, 2016." Plaintiff states that due to defendants' breach, she suffered harm "in the form of lost wages and benefits that were and are due to her under the Contract." (Doc. 1 at ¶'s 54-57).

In Count III, plaintiff alleges that defendants CSD and CSD Board violated the School Code since it requires that there be one of several specified causes for terminating a Superintendent's contract and that termination of such a contract can only occur "following statutorily specified notice of a hearing followed by a hearing conducted in accordance with the Local Agency Law." Specifically, plaintiff alleges that defendants violated the Code by attempting to rescind her appointment as Superintendent and her Contract without proper cause and, without proper notice and an opportunity to be heard. She states that "there is no authority in the Code allowing for a newly elected school board to rescind a Superintendent's employment contract that has been approved by and signed on behalf of a prior school board." Thus, plaintiff alleges that defendants "violated the Code by improperly rescinding [her] appointment by the prior CSD Board, by

5

appointing an Acting Superintendent on January 7, 2016, by failing to allow [her] to take her position as Superintendent of CSD effective January 8, 2016 and by appointing Joseph Gorham as Superintendent on April 11, 2016." (Doc. 1 at ¶'s 59-63).

As relief in Counts II and III, plaintiff seeks compensatory damages as well as attorneys' fees and costs.

Pending is the motion to dismiss plaintiff's complaint, (Doc. 1), for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) filed jointly by all defendants, (Doc. 11), on August 29, 2016. Defendants filed their brief in support on September 12, 2016, (Doc. 17), along with an appendix of five exhibits, (Doc. 16). After being granted an extension of time, plaintiff filed her brief in opposition to defendants' motion on October 6, 2016 with seven attached exhibits, including plaintiff's Declaration. (Doc. 24). On October 20, 2016, defendants filed a reply brief. (Doc. 28). Defendants' Rule 12(b)(6) motion is ripe for disposition.

Defendants also filed a motion to strike plaintiff's Declaration, (Doc. 24-2), on October 19, 2016, (Doc. 26), with a brief in support, (Doc. 27). Plaintiff filed her brief in opposition to defendants' motion to strike on November 2, 2016. (Doc. 30). On November 15, 2016, defendants filed a reply brief. (Doc. 31). Defendants' motion to strike is also ripe for disposition.

The court has jurisdiction over this case pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a) because plaintiff avers violations of her due process rights under the 14th Amendment of the U.S. Constitution. The court can

exercise supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. §1367. Venue is appropriate in this court since the alleged constitutional violations occurred in this district and all parties are located here. *See* 28 U.S.C. §1391.

## II.   STANDARDS OF REVIEW

### A.   *Motion to Dismiss*

The defendants' motion to dismiss is brought pursuant to the provisions of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. Id. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (*quoting* Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *See* Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *See* Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See, e.g.*, Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v.

Parker, 363 F.3d 229, 236 (3d Cir. 2004).

## B.    Section 1983

The school district, the Board and the school officials are state actors for purpose of §1983. *See* Kline ex rel. Arndt v. Mansfield, 454 F.Supp.2d 258, 262 (E.D.Pa. 2006).

To state a claim under section 1983, a plaintiff must meet two threshold requirements. She must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, she was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-331 (1986). If a defendant fails to act under color of state law when engaged in the alleged misconduct, a civil rights claim under section 1983 fails as a matter of jurisdiction, Polk Cnty. v. Dodson, 454 U.S. 312, 315 (1981), and there is no need to determine whether a federal right has been violated. Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982).

"A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988). *See also* Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003)(citing *Rode*). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode, 845 F.2d at 1207. Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997);

Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995). As explained in *Rode*:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

With respect to punitive damages for a §1983 violation, this remedy is only available "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30 (1983). Regarding federal civil rights claims, "reckless indifference" refers to the defendant's knowledge of the illegality of his actions, not the egregiousness of his actions. Alexander v. Riga, 208 F.3d 419, 431 (3d Cir. 2000) (citing Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 536 (1999)). The Third Circuit held punitive damages require that "the defendant's conduct must be, at a minimum, reckless or callous." Young v. Pleasant Valley School Dist., 2013 WL 417739, *10 (M.D.Pa. Feb. 13, 2008) (quoting Savarese v. Agriss, 885 F.2d 1194, 1204 (3d Cir. 1989)). "Punitive damages might also be allowed if the conduct is intentional or motivated by evil motive, but the defendant's action need not necessarily meet this higher standard." Id.

## III.   DISCUSSION

The defendants argue that, pursuant to Rule 12(6), the plaintiff's complaint must be dismissed for failure to set forth actionable claims against them. Specifically, the defendants make the following arguments: 1) the plaintiff's 14th Amendment due process claim in Count I fails as a matter of law since she did not have a property interest in her prospective employment as CSD Superintendent and since she failed to utilize the processes and remedies available to her under State law; 2) the individual defendants are entitled to qualified immunity regarding plaintiff's due process claim; 3) the plaintiff failed to allege that the individual defendants were motivated by evil intent or that their conduct involved reckless or callous indifference, which thereby precludes her claim for punitive damages; 4) the plaintiff's breach of contract claim in Count II fails as a matter of law since the Contract was void and unenforceable and cannot be asserted against the Board; and 5) the plaintiff's claim for violation of the School Code in Count III is not actionable.

### 1.   Defendants' Motion to Strike Plaintiff's Declaration

In her opposition to defendants' motion to dismiss, plaintiff relies in part on facts included in her October 6, 2016 Declaration. (Doc. 24-2). Plaintiff's Declaration is supported by other exhibits which she submitted with it, including, a video of the November 19, 2015 CSD Board meeting, an email thread and an unsworn third party affidavit of Cecelia Chmiola. Therefore, at the outset, the court must determine whether the plaintiff's Declaration attached to her brief in opposition to defendants' motion to dismiss may be

11

considered for present purposes or whether it should be stricken.

Defendants contend that plaintiff is using her Declaration improperly to try and amend her complaint by adding supplemental factual allegations in opposition to their motion to dismiss which are based in part on the videos and the non-party affidavit. Defendants cite to Levey v. Brownstone Inv. Group, LLC, 2013 WL 3285057, *3-*4 (D.N.J. June 26, 2013), aff'd 590 Fed.Appx. 132 (3d Cir. 2014), in which the court denied plaintiff's request to submit an audio recording and a non-party affidavit, and held that it "may not consider supplemental factual allegations that are submitted in opposition to a motion to dismiss because such documents do not constitute pleadings under Rule 7(a)." Defendants seek to have plaintiff's Declaration as well as any reference to it contained in her opposition brief stricken.

Plaintiff concedes that "[her] Declaration was meant to supplement the allegations in [her] Complaint in the event that an amendment to the Complaint would become necessary." (Doc. 30 at 3). Plaintiff points out that while the court may decline consideration of the supplemental allegations in her Declaration for purpose of deciding defendants' motion to dismiss, it could consider her Declaration to show that an amendment to her complaint would not be futile. Plaintiff cites to McMahon v. General Dynamics Corp., 933 F.Supp.2d 682, 696-97 (D.N.J. 2013), to support her contention that the court should rely on her Declaration in consideration of whether one of her claims, which is found to be subject to dismissal, should be dismissed without prejudice to allow her an opportunity to amend her pleading. Defendants also

cite to *McMahon* in support of their motion to strike plaintiff's Declaration since the court did not consider the supplemental factual allegations in the plaintiff's Certification with respect to deciding defendants' motion to dismiss. Id. at 696 ("For purposes of deciding a motion to dismiss under Rule 12(b)(6), the Court may not consider the supplemental factual allegations in [plaintiff's] Certification.")(citation omitted).

No doubt that "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." Pennsylvania ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 181 (3d Cir. 1988) (citation omitted); McMahon, 933 F.Supp.2d at 696. Also, it is clear that plaintiff's Declaration does indeed contain several supplemental factual allegations which are not averred in her complaint. "The United States Court of Appeals for the Third Circuit has stated that an affidavit filed in opposition to a pending motion to dismiss 'clearly comprised a matter outside the pleading.'" Steinagel v. Valley Oral Surgery, 2013 WL 5429269, *5 (E.D.Pa. Sept. 30, 2013)(citing Rose v. Bartle, 871 F.2d 331, 339 n. 3 (3d Cir. 1989)). "Consideration of the affidavit would require the court to convert the motion to dismiss into a motion for summary judgment." Id.(citation omitted). As in *Steinagel*, plaintiff's instant Declaration does not form the basis of her claims, rather it provides supplemental facts in support of her claims. It is not explicitly referred to in her complaint. It is not a matter of public record and, it is not an exhibit attached

to her complaint.**²** Thus, "plaintiff's Declaration is an attempt to provide supplemental factual averments in support of plaintiff's [federal] claim in response to the [defendant's] Motion to Dismiss/Strike" and should be stricken. Id.

As such, the court will not consider plaintiff's Declaration or any reference to it for purposes of deciding defendants' motion to dismiss. However, the plaintiff's Declaration and its supplemental factual allegations will be considered in the event the court finds any of her claims to be deficient under Rule 12(b)(6) in determining if she should be permitted to amend that claim. *See* McMahon, 933 F.Supp.2d at 696 (court dismissed claim without prejudice since plaintiff's Certification suggested that an amendment would not be futile and held that plaintiff could rely on his Certification when he filed an amended complaint). While defendants state in their reply brief, (Doc. 31 at 2), that "the facts contained in plaintiff's Declaration do not cure the futility of [her] claims or warrant leave to amend", the court will determine if it will be futile to allow an amendment of any claim it may find to be deficient. *See* Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (if a claim is dismissed under Rule 12(b)(6), "a District Court must permit a curative amendment, unless an amendment would be inequitable or futile.").

---

²The court notes that it will consider the Exhibits submitted by defendants attached to their Appendix, (Doc. 16), in support of their motion to dismiss since they form the basis of plaintiff's claims, are explicitly referred to in her complaint and, are matters of public record. *See* Delaware Nation v. Pennsylvania, 446 F.3d 410, 413 n. 2 (3d Cir. 2006).

Thus, defendants' motion to strike plaintiff's Declaration, (Doc. 26), is **GRANTED IN PART** and **DENIED IN PART**.

### 2.    Motion To Dismiss

#### A.    *Due Process Claim against CSD Board of Directors*

To the extent plaintiff names the CSD Board of Directors as a defendant in addition to CSD in her due process claim in Count I, the Board is part of the District itself. *See* Kentucky v. Graham, 473 U.S. 159, 165-166 (1985) (citation omitted). Thus, plaintiff's due process claim against CSD Board of Directors merges with her due process claim against the District. As such, plaintiff's due process claim against CSD Board of Directors is redundant of the claim plaintiff asserts against CSD. *See* Swedron v. Borough, 2008 WL 5051399, *4 (W.D. Pa. Nov. 21, 2008) (citing Gregory v. Chehi, 843 F.2d 111, 120 (3d Cir. 1988)); Brice v. City of York, 528 F.Supp.2d 504, 516 n. 19 (M.D. Pa. 2007); Burton v. City of Phila., 121 F.Supp.2d 810 (E.D. Pa. 2000);Donovan v. Pittston Area School Dist., 2015 WL 3771420, *5 (M.D.Pa. June 17, 2015) (Court dismissed with prejudice plaintiff's claims against board members of school district in their official capacity as redundant of claims against school district); Hill v. Bor. of Kutztown, 455 F.3d 225, 233 n. 9 (3d Cir. 2006).

As such, plaintiff's due process claim in Count I as against CSD Board of Directors is **DISMISSED WITH PREJUDICE**. Defendants Sturgeon, Kaminski and McGovern however can be sued under §1983 in their individual

capacities in addition to defendant CSD. Donovan v. Pittston Area School Dist., 2015 WL 3771420, *16; Kohn v. School Dist. of City of Harrisburg, 817 F.Supp.2d 487, 510 (M.D.Pa. 2011); Damiano v. Scranton School District, 135 F.Supp.3d 255, 268-69 (M.D.Pa. 2015).

Additionally, insofar as plaintiff raises a state law breach of contract claim against defendants CSD and CSD Board in Count II, CSD should be the only defendant with respect to this claim. *See* Kohn, 817 F.Supp.2d at 505. Even though the Contract was entered into between plaintiff and the CSD Board of Directors, as the *Kohn* Court stated, "any relief Plaintiffs seek for breach of contract can be obtained by suing the District alone." Id. (citations omitted); Young, 2013 WL 417739, *10 (court adopted view that "a suit against both a school district and a school board is improper, since state law allows suits against school districts as political subdivisions, but not school boards.").

Based on this same reasoning, CSD Board of Directors will also be dismissed with respect to plaintiff's state law claim for violation of the School Code raised in Count III. Thus, plaintiff's state law claims in Counts II and III as against CSD Board of Directors are **DISMISSED WITH PREJUDICE**. Since there are no remaining claims against CSD Board of Directors, this defendant is **DISMISSED WITH PREJUDICE**.

### B.    *Punitive Damages Claim*

Defendants move to dismiss plaintiff's claim for punitive damages in

Count I as against CSD and CSD Board of Directors. It is well settled that the Supreme Court has held punitive damages may not be awarded against municipalities under §1983. *See* [City of Newport v. Fact Concerts, Inc., 453 US 247, 271 (1981)](); Young, 2013 WL 417739, \*10 (court dismissed claim for punitive damages against school district since it was a municipal entity). Thus, any claim for punitive damages against defendants CSD and CSD Board of Directors is subject to dismissal. As discussed above, CSD Board of Directors will be dismissed in its entirety. As such, plaintiff's claim for punitive damages in Count I against CSD is **DISMISSED WITH PREJUDICE**.

Plaintiff has sued defendants Sturgeon, Kaminski and McGovern only in their individual capacities and she has also asserted a claim for punitive damages against these defendants in Count I which is not precluded by *City of Newport*. The court will discuss below, whether plaintiff has sufficiently alleged a due process claim in Count I and, if so, whether she has alleged the requisite "reckless indifference" with respect to the knowledge of Sturgeon, Kaminski and McGovern of the illegality of their actions to seek punitive damages with respect to this claim under §1983. *See* [Alexander v. Riga, 208 F.3d at 430-31]().

### *C. Pre-Deprivation Due Process Claim, Count I*

Plaintiff's procedural due process claim is based on the 14th Amendment and is brought in her complaint under §1983. Section 1983 does not itself bestow substantive rights, but instead creates a remedy for violation of a person's constitutional rights. [Gonzaga Univ. v. Does, 536 U.S. 273 (2002)]().

The 14ᵗʰ Amendment prohibits a state from "depriv[ing] any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, §1. "[A] procedural due process analysis involves a two step inquiry: (1) does the complaining party have a protected liberty or property interest and, if so, (2) does the available process comport with all constitutional requirements." Bowen v. Ryan, 2006 WL 3437287 (M.D. Pa. Nov. 29, 2006) aff'd, 248 F.App'x 302 (3d Cir. 2007); *see also* Shoats v. Horn, 213 F.3d 140, 143 (3d Cir. 2000). First, it must be determined whether plaintiff had a protected property interest in the superintendent position, and if so, the second step of the due process analysis is considered to determine whether the process available to plaintiff met constitutional requirements.

To have a property interest in a job, "a person must have more than a unilateral expectation of continued employment; rather, she must have a legitimate entitlement to such continued employment." Hill v. Borough of Kutztown, 455 F.3d 225, 234 (citing Elmore v. Cleary, 399 F.3d 279, 282 (3d Cir. 2005)). "A person can have a property interest in a government job if he has a legitimate entitlement to it, not just a unilateral expectation of continued employment." Kohn, 817 F.Supp.2d at 505 (citing Biliski v. Red Clay Consol. Sch. Dist. Bd. of Educ., 574 F.3d 214, 219 (3d Cir. 2009)). Whether a legitimate entitlement exists is a question of state law. Hill, 455 F.3d at 234. Thus, while state law determines if an employee has a property right in continued employment, the process that is due is a question of federal law. McDaniels v. Flick, 59 F.3d 446, 458 (3d Cir. 1995).

18

Under Pennsylvania law, "[a] local government in Pennsylvania cannot provide its employees with tenure status unless there exists some express legislative authority for doing so." Elmore, 399 F.3d at 282 (citing Stumpp v. Stroudsburg Mun. Auth., 659 A.2d 333, 334 (Pa. 1995)). The Pennsylvania legislature has granted professional employees a tenure status, and thus a protected property interest in their jobs, specifying requirements for termination of a contract. 24 Pa.C.S. §11–1122. Certified teachers are professional employees. 24 Pa. C.S. §11–1101(1). Pennsylvania requires that public school teachers hold a certificate. 24 Pa.C.S. §12-1201. A contract for employment also confers a property right when "the contract itself includes a provision that the state entity can terminate the contract only for cause." Dee v. Borough of Dunmore, 549 F.3d 225, 230-31 (3d Cir. 2008) (citing Unger v. Nat'l Residents Matching Prog., 928 F.2d 1392 (3d Cir. 1991)).

"Denial of continued public employment can also constitute deprivation of a liberty interest." Baraka v. McGreevey, 481 F.3d 187, 209 (3d Cir. 2007) (citing Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 573 (1972))." In the public employment context, this liberty interest arises "[w]here a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him." Roth, 408 U.S. at 573 (quoting Wisconsin v. Constantineau, 400 U.S. 433, 437 (1971)).

In Count I, plaintiff alleges that all defendants "deprived [her] of her right to employment as the Superintendent of [CSD] in violation of the Due Process Clause of the Fourteenth Amendment." (Doc. 1 at ¶ 43). Plaintiff alleges that

she had "a protected property interest in public employment as the Superintendent of [CSD] under the Contract with [the District] as well as under the Pennsylvania School Code." (Id. at ¶'s 43-45). Defendants argue that plaintiff could not plausibly have had an expectation of continued employment as CSD's Superintendent at the time her appointment was rescinded since she did not possess the statutory credentials required in Pennsylvania to serve as a public school superintendent at that time. Defendants state that plaintiff did not have a property interest in the superintendent position protected by the 14th Amendment and she was not entitled to the pre-termination due process requirements under the Code.     In order to state a cognizable 14th Amendment claim, plaintiff has to establish that she had a property interest in her employment as superintendent. She has not alleged a liberty interest in her employment. *See* Abbott v. Latshaw, 164 F.3d 141, 146 (3d Cir. 1998) ("It is elementary that procedural due process is implicated only where someone has claimed that there has been a taking or a deprivation of a legally protected liberty or property interest."). "Therefore, when a claim involves an alleged deprivation of due process arising out of the termination of a specific employment position, the plaintiff must first establish that he has a property interest in the employment at issue." DeSimone v. Coatesville Area School Dist., 248 F.Supp.2d 387, 390 (E.D.Pa. 2002)(citations omitted). "Cognizable property interests can be created by sources such as state law and implied or express contracts." Zugarek v. Southern Tioga School Dist., 214 F.Supp.2d 468, 478 (M.D.Pa.

20

2002)(citations omitted). Plaintiff argues that she had a property right in her employment as superintendent created under state law by the provisions of the School Code.

Property interests of an employee in continued employment are determined by state law. McDaniels, 59 F.3d at 458. Thus, the question is whether plaintiff possessed a property interest in the superintendent position under the School Code. Defendants argue that plaintiff's Contract with the Board was not governed by the School Code since she was not qualified to be superintendent under Code when the Contract was rescinded. Defendants point to Section 10-1078 of the School Code, 24 P.S. §10-1078, which they state provides that a superintendent candidate must "be commissioned by the Secretary of Education" in order to serve as a superintendent. Defendants rely upon the January 1, 2016 Letter of Eligibility issued by the PA Secretary of Education, (Doc. 16-5, Ex. E), which shows that plaintiff did not become qualified under State law to serve as superintendent until the date of the letter. Defendants contend that a school board can only "elect a properly qualified person as district superintendent" under the Code, namely, 24 P.S. §10-1071(a), which provides that the "board shall elect or approve a properly qualified district superintendent to enter into a contract to serve a term of three to five year." Additionally, defendants state that "the School Code's removal procedures only apply to 'district superintendents', i.e., those individuals 'commissioned by the Secretary of Education' and, therefore, statutorily authorized to serve as a superintendent." (Doc. 17 at 12-13) (citing

24 P.S. §10-1080(a)[3]; 24 P.S. §10-1078).

The crux of defendants' agreement is that prior to the rescission of plaintiff's appointment as CSD Superintendent she was not qualified under state law to serve as a superintendent since she had not yet obtained her Letter of Eligibility issued by the Secretary of Education. Specifically, defendants state that "plaintiff's lame duck appointment as superintendent was rescinded on December 10, 2015, twenty two (22) days prior to plaintiff's receipt of her [January 1, 2016] Letter of Eligibility." (Id. at 15) (citing Doc. 16 at Ex. E and Ex. D at 9).[4] Defendants state that it is of no moment plaintiff

_____

[3]Section 10-1080 deals with removal and provides:

> (a) District superintendents and assistant district superintendents may be removed from office and have their contracts terminated, after hearing, by a majority vote of the board of school directors of the district, for neglect of duty, incompetency, intemperance, or immorality, of which hearing notice of at least one week has been sent by mail to the accused, as well as to each member of the board of school directors.

[4]The January 1, 2016 Letter of Eligibility issued by the PA Secretary of Education, (Doc. 16-5, Ex. E), in relevant part, stated:

This Letter of Eligibility verifies your administrative qualifications to receive a commission in accordance with 24 P.S. §10-1078 and serve as a superintendent or assistant superintendent in the public schools of this Commonwealth.

At the new Board's December 10, 2015 regular meeting, the majority, including the three individuals defendants, voted to rescind the November 19, 2015 decision of the prior Board which entered into an agreement with plaintiff to serve as Superintendent of the CSD. (Doc. 16-4 at 10).

received the letter after her appointment was rescinded since she alleges that the deprivation of her property interest in the superintendent position occurred on December 10, 2015. (Doc. 1, ¶ 31). Thus, they argue that at the time of plaintiff's rescission she was not qualified to be a superintendent by law and she could not have possessed a legitimate property interest protected under the School Code in the position entitling her to pre-termination due process.

In particular, defendants state that "[t]he procedural protections provide[d] by the General Assembly to '[d]istrict superintendents' is limited to those individuals commissioned to serve as a superintendent." (Id. at 16) (citing 24 P.S. §10-1080(a)). Therefore, defendants assert that plaintiff cannot rely upon the procedural protections afforded in the Code with respect to her due process claim since she simply did not meet the requirements to be superintendent at the time her appointment was rescinded by the new Board. Defendants cite to Marin v. McClincy, 15 F. Supp.3d 602, 612 (M.D.Pa. 2014), for the proposition that "[a] property right may not be found, however, if the right to practice the occupation has not yet accrued." No doubt that "[t]he Fourteenth Amendment's procedural protection of property is a safeguard of the security of interests that a person has already acquired in specific benefits." Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 576, 92 S.Ct. 2701 (1972). Defendants state that plaintiff did not have a property interest at the time her due process claim accrued since she was not yet

23

qualified to be superintendent and did not have a legitimate claim of entitlement to the superintendent position under the School Code. They maintain that since plaintiff had no protected property interest under the Code, she was an at-will employee and was not entitled to any process. Indeed, only "a public employee with a property interest in continued employment 'is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story,' before he or she may be terminated." Snook v. Midd-West School Dist., 2015 WL 1209756, *8 (M.D.Pa. March 16, 2015) (quoting Loudermill, 470 U.S. at 541).

Plaintiff points out that her appointment as the new Superintendent was effective January 8, 2016 through June 30, 2019 and contingent on her meeting the requirements for the position by that date. She states that she met the requirements before that date and thus satisfied the condition precedent under the terms of her appointment by the former Board. She contends that "[b]ased on the actions of CSD, the CSD Board and the CSD Solicitor, [she] did possess a property interest in serving as Superintendent of CSD effective January 8, 2016." She states that there is no provision in the School Code that required her to have had the Letter of Eligibility before she was to begin serving as the Superintendent and, even if it did, she obtained the Letter before January 8, 2016. (Doc. 24 at 14, 16).

Plaintiff states that the prior Board could legally appoint her to fill a future vacancy even though her appointment would not commence until the

new Board was seated, especially after a lengthy application process. Plaintiff cites to Burns v. Board of Directors of Uniontown Area Sch. Dist., 748 A.2d 1263,1266-1268 (Pa.Cmwlth. 2000), in which the Commonwealth Court found that an existing school board could elect a sitting superintendent for another term despite the fact that the superintendent's new term would not begin until after a new school board was seated. The *Burns* Court also held that the only mechanism to remove a duly elected superintendent under the Code was by adhering to the due process requirements detailed in 24 P.S. §1080. Id.

Plaintiff concludes, (Doc. 24 at 22), by stating that:

> Here, as in *Burns*, the CSD Board had authority to act on the vacancy that they knew would occur on January 8, 2016. The application and selection process began in June of 2015 and lasted almost six months. It was at the end of that process on November 19th that CSD, through the CSD Board at that time, fulfilled their duties under Section 10-1073(a) of the School Code and approved [plaintiff] to fill the vacancy, contingent on her meeting all of the requirements by January 8, 2016.

The Code undoubtedly does provide that a board of school directors shall elect a properly qualified person as district superintendent. 24 P.S. §10-1071(a). The Code also provides that superintendents "shall be commissioned by the Secretary of Education." 24 P.S. §10-1078. Further, §10-1073(a) of the Code provides that when a vacancy occurs in the office of superintendent, the school board is to elect or approve a properly qualified superintendent to enter into a contract to serve a term of three to five years from "a time mutually agreed upon by the duly elected district superintendent and the board of school directors." Plaintiff points out that §10-1073(a) "does

not say that the person has to be 'properly qualified' at the time of the approval or election; nor does it preclude appointing an individual contingent upon receiving the required documentation by the hire date." (Id. at 23).

Plaintiff also argues that the new Board improperly appointed Waite as acting superintendent on January 7, 2016 since "it was not 'impossible or impracticable' to fill the vacancy immediately, which is required by Section 10-1079 to justify the appointment of an acting superintendent instead of a superintendent." She states that on January 1, 2016, she had received the Letter of Eligibility and had advised CSD, the CSD Solicitor and the CSD Board that she had received it. Thus, she contends that the Board did not have authority to appoint Waite as acting superintendent on January 7, 2016 because she was able and available to fill the position. Plaintiff cites to Hetherington v. Rogers, 6 A.3d 6 (Pa.Cmwlth. 2010), in which School Board members were removed as school directors because they failed to appoint a qualified superintendent. The Court indicated that the directors failed to contact any of the applicants for the superintendent position to determine whether it was impossible or impracticable to immediately fill the superintendent vacancy with a qualified person as required by §10-1079.

As such, plaintiff states that under §§10-1071(a), 10-1073(a) and 10-1079 of the Code she had a legitimate property interest in being employed as Superintendent on January 8, 2016.

Unfortunately, Section 10-1080 did not vest plaintiff with a property right to continue employment as superintendent since it "establishes procedural

rights for district superintendents facing removal" and plaintiff was not a "district superintendent" at the time her appointment was rescinded. DeSimone, 248 F.Supp.2d at 390. Moreover, the *Burns* case is inapposite since this case involved a district superintendent. Unlike the superintendent in the *Burns* case, plaintiff Foster was not yet approved by the State to serve as a superintendent at the time of her appointment which was contingent upon her meeting the requirements and, the rescission of her appointment was made before she was eligible to serve as superintendent. Also, while the *Burns* Court held that a duly elected superintendent could only be removed by adhering to the due process requirements detailed in 24 P.S. §1080, plaintiff Foster was not removed at a time when she actually held the position of superintendent. Rather, her appointment was rescinded when she was not yet qualified to serve as a superintendent and her alleged deprivation of her property interest occurred before she was qualified for the position.

There is no question that a teacher without a certification is not a professional employee under Pennsylvania law, and does not have a statutory property interest in her employment. Coreia v. Schuylkill Cty. Area Vo-Tech School Auth., 241 F.App'x 47, 50 (3d Cir. 2007)(citing 24 Pa.Cons.Stat. §11–1101(1)(providing "[t]he term 'professional employe[e]' shall include those who are certificated as teachers"); Occhipinti v. Bd. of Sch. Dirs. of Old Forge Sch. Dist., 464 A.2d 631, 632 (Pa.Cmwlth. 1983)(holding that teacher ceases to be a "professional employee" when certification lapses)). In *Coreia*, the Third Circuit found that since plaintiff "did not hold a certificate at the time

27

he resigned, he did not qualify as a professional employee" and "[he] was not entitled to the procedural protections accorded professional employees [by Pennsylvania law]." Id.

Thus, the court is compelled to hold that since plaintiff Foster was not certified to be a superintendent at the time her appointment was rescinded, she could not have had a statutory property interest in this position. *See Coreia, supra;* Occhipinti, 464 A.2d at 632; Markovich v. Panther Valley School District, Civil No. 13-3096 (M.D.Pa. July 28, 2014)(this court held that since plaintiff was not certified as an ROTC instructor by Army at the time he was terminated by school district, he was not a professional employee under Pennsylvania law, and did not have a statutory property interest in his employment based on the School Code at the time he was fired); Moiles v. Marple Newtown School Dist., 2002 WL 1964393 (E.D.Pa. Aug. 23, 2002)(court held that principal did not have a protected property interest in his job after his state certification lapsed); Collins v. Lebanon County Vocational Tech. Sch., 660 A.2d 231, 234 n. 4 (Pa.Commw.Ct. 1995)("If an employee is issued a professional employee contract without meeting the statutory requirements of such status, that contract will be disregarded and the employee will not be considered a professional employee.").

In short, since plaintiff was not yet authorized to be superintendent by the Secretary of Education at the time her appointment was rescinded on December 10, 2015 and she was not yet statutorily qualified to serve as a superintendent, the court finds that the Code, namely, 24 P.S. §10-1071, 24

28

P.S. §10-1073, and 24 P.S. §10-1078, did not create a cognizable property interest in the position. Indeed, at the time of the rescission, it was not even known with certainty if plaintiff would meet the requirements for superintendent and if the Secretary of Education would issue the Letter of Eligibility. Clearly, if plaintiff had failed to meet the requirements, the Code would not have bestowed upon her a protected property interest in the superintendent position. Although the position of superintendent is "treated specially in the School Code", the court finds that the School Code only imposes rights and duties upon "a qualified superintendent, who is a commissioned officer of the Commonwealth of Pennsylvania." Antonini v. Western Beaver Area School Dist., 874 A.2d 679, 684 (Pa.Comwlth.Ct. 2005). "One alleging a property interest in a benefit protected by due process must go beyond showing an unsubstantiated expectation of the benefit." Carter v. City of Philadelphia, 989 F.2d 117, 119 (3d Cir. 1993). Plaintiff has failed to show that her alleged property right has a basis in state law.

Moreover, in Burger v. School Bd. of McGuffey School Dist., 592 Pa. 194, 923 A.2d 1155, 1164 (2007), the Supreme Court of Pennsylvania stated that "the office of school superintendent is not expressly provided for in [Pennsylvania's] Constitution; nor does the Constitution expressly prohibit the General Assembly from enacting provisions relating to school superintendents." The office of superintendent "is a statutory creation and, as such, Article VI, Section 1 [of Pennsylvania's Constitution] authorizes the General Assembly to enact provisions governing appointment and removal."

Id. at 209-10. Thus, if the Pennsylvania General Assembly wished to make the removal procedural requirements of §10-1080(a) of the School Code applicable to prospective superintendent candidates who were not yet commissioned by the Secretary of Education it would have provided so in this section.

As such, plaintiff Foster's due process claim which is based on the creation of a protected property interest by §§10-1071, 10-1073 and 10-1078 of the School Code and by the removal procedural requirements found in §10-1080(a) of the School Code will be dismissed for failure to state a claim. *See* Moiles, 2002 WL 1964393, *8 ("when plaintiff's employment was terminated, he was not deprived of a constitutionally protected property interest, and he may not state a claim for a violation of his procedural due process rights").

Plaintiff also alleges that her Contract to be employed as Superintendent of CSD conferred a protected property right and expectation of continued employment. (Doc. 1 at ¶ 45). She states that the Contract provided CSD would function in accordance with the provisions of the School Code. Plaintiff contends that she has a property right to employment as Superintendent based on the Contract since it specifically provided she would be entitled to pre-termination procedural rights and that any termination would only be for "just cause."

Under the November 27, 2015 Contract, plaintiff was to begin the position of Superintendent of CSD on January 8, 2016. (Doc. 16-2). Article III of the Contract provides in part that "[t]he Superintendent covenants that she

30

possesses all of the qualifications that are required by law to serve as Superintendent." Article VIII pertains to discharge or termination and provides in relevant part:

> Throughout the term of this Agreement, the Superintendent shall be subject to discharge for valid and just cause including the reasons specified in the Public School Code of the Commonwealth of Pennsylvania. The Board of School Directors shall not arbitrarily or capriciously call for her dismissal and the Superintendent shall in any event have the right to written charges, to notice of hearing, to a fair and impartial hearing, to all elements of due process, and to the right to appeal to a court of competent jurisdiction.

Article XV of the Contract also provided that its provisions "shall be interpreted in accordance with the laws of [Pennsylvania] and the rules and regulations fo the Pennsylvania Department of Education."

At issue is whether plaintiff's Contract can give her a protected property interest in her employment as superintendent since it included a provision that the District could only terminate the Contract for cause. In *Markovich*, this court found that since plaintiff's contract provided that "no professional employee shall be disciplined, reprimanded, reduced in rank or compensation or deprived of any professional advantage without just cause", his contract provided him with a property interest in his employment because he could only be deprived of professional advantage for just cause. *See Markovich, supra* (citing Dee, 549 F.3d, at 230-31). In fact, this court denied the school district defendants' motion to dismiss Markovich's procedural due process claim since it found he had a protected property interest in his position as ROTC instructor based on his contract.

31

Plaintiff Foster's Contract had a provision that the District could only terminate the "Superintendent" for "just cause" and it provided the Superintendent with pre-termination procedural due process rights. No doubt that "a [Pennsylvania] contract incorporates the law in existence at the time it was made", Kohn, 817 F.Supp.2d at 501, and that the law in Pennsylvania at the time of plaintiff's Contract required a Superintendent to be commissioned by the Secretary of Education. Plaintiff was thus not qualified to hold the position of Superintendent of CSD at the time her Contract was entered even though she would have been qualified to hold the position at the time she was to commence serving as Superintendent.

Defendants argue that since plaintiff did not meet the statutory requirements to be superintendent at the time the Contract was entered, the Contract was not a valid professional employee contract and was void. There is no question that plaintiff's Contract was executed and later rescinded before the Secretary of Education issued her Letter of Eligibility authorizing her to serve as Superintendent and, thus, before plaintiff was qualified to hold this position. Therefore, defendants state that "the School Code does not, in this instance, afford Plaintiff a legitimate expectation of continued employment as a superintendent at the District, because Plaintiff was at all times material hereto incompetent to hold the position." (Doc. 17 at 17). For support, defendants cite to Collins v. Labanon County Voc. Tech. School, 660 A.2d 231, 234 n. 4 (Pa.Cmwlth. 1995), in which the Commonwealth Court noted "[i]f an employee is issued a professional employee contract without meeting

32

the statutory requirements of such status, that contract will be disregarded and the employee will not be considered a professional employee." (citations omitted).

Pursuant to the discussion above, the court finds that neither the School Code nor the Contract created a constitutionally protected property interest in the superintendent position for plaintiff since she was not yet commissioned by the Secretary of Education to be superintendent on December 10, 2015. Since there is no question that at the time plaintiff Foster's Contract was rescinded on December 10, 2015 she was not commissioned by the state to be a superintendent, she was not entitled to the due process rights provided in the School Code and in the Contract since these rights plainly applied to superintendents.

Now the court must consider whether plaintiff's due process claim in Count I should be dismissed with prejudice as defendants suggest. As indicated, the court will consider plaintiff's Declaration and exhibits attached thereto in determining whether an amendment of her due process claim would be futile.

Even considering plaintiff's Declaration and the extraneous exhibits attached thereto, the court finds that any amendment of her due process claim in Count I would be futile based on the above discussion since despite any amendment, plaintiff simply was not commissioned by the Secretary of Education to be a superintendent under state law at the time her appointment

33

was rescinded.[5] It is undisputed that plaintiff's appointment as Superintendent was rescinded by the new board before her credentials were processed and before the Secretary of Education issued her Letter of Eligibility. (Doc. 24-2, ¶ 14; Doc. 24-5). Neither her Declaration nor her exhibits will change this fact. Indeed, plaintiff's Declaration and her exhibits confirm this fact.

Further, plaintiff argues that the District had an established past practice of hiring people "contingent upon receipt of the necessary qualification documentation and clearances", (Doc. 24, p. 28), and she attempts to show this by her Declaration, (Doc. 24-2), and by the unsworn affidavit of third party Chmiola, (Doc. 24-8). However, the past practice of the District simply cannot create a property interest. *See* Berlanti v. Bodman, 780 F.2d 296, 299 (3d Cir. 1985)("Property interests are created and defined by state law.")(citation omitted); Kohn, 817 F.Supp.2d at 506("State law determines if a property right exists."). As indicated, property interests of an employee in continued employment are created by state law and not the customs or practices of school districts. McDaniels, 59 F.3d at 458.

The court has found that plaintiff did not have a property right in her employment as superintendent created by the School Code. Thus any amendment by plaintiff with respect to her due process claim based on a property interest created by the Board's past practice is futile.

---

[5]In Kohn, 817 F.Supp.2d at 502, the court stated that in the context of a contract for a school official, the Pennsylvania General Assembly meant "cancel" when referring to the word "rescind" in 24 P.S. §17-1704-B(a)(8).

As such, the court will grant defendants' motion to dismiss plaintiff's due process claim in Count I of her complaint and this claim will be dismissed with prejudice.

### D.    *Counts II and III: State Law Claims*

Based on judicial economy, convenience and fairness to the litigants, the district court in its discretion is permitted to decline the exercise of supplemental jurisdiction over state law claims if the court has dismissed all of the claims over which it had original jurisdiction. Kach v. Hose, 589 F.3d 626, 650 (3d Cir. 2009) (citations omitted). The court has made the appropriate considerations and finds no extraordinary circumstances exist in this case to exercise supplemental jurisdiction over plaintiff's breach of contract claim, Count II, and claim for violation of the School Code, Count III. Thus, since plaintiff's only remaining federal claim over which this court had original jurisdiction (*i.e*., 14th Amendment procedural due process claim, Count I) shall not be permitted to proceed to trial, the court, in its discretion, declines to exercise supplemental jurisdiction over plaintiff's state law claims, Counts II and III, against defendants CSD and CSD Board. *Id.; see also* 28 U.S.C. §1367(c)(3); Verdecchia v. Prozan, 274 F.Supp.2d 712, 728 (W.D. Pa. 2003).

As such, plaintiff's state law claims shall be dismissed without prejudice. Kach, 589 F.3d at 650 ("If a district court decides not to exercise supplemental jurisdiction and therefore dismisses state-law claims, it should do so without prejudice, as there has been no adjudication on the merits.")(citation omitted); Markovich, 2015 WL 4077758 (M.D.Pa. July 6,

2015).

## IV.    CONCLUSION

For the foregoing reasons, defendants' motion to strike plaintiff's Declaration, (Doc. 26), is **GRANTED IN PART** and **DENIED IN PART**. Defendant CSD Board of Directors is **DISMISSED WITH PREJUDICE**. Defendants' motion to dismiss, (Doc. 11), is **GRANTED** as to Count I of plaintiff's complaint, (Doc. 1), the 14th Amendment procedural due process claim, and this claim is **DISMISSED WITH PREJUDICE**. The court declines to exercise supplemental jurisdiction over plaintiff's state law claims, Counts II and III, and these claims are **DISMISSED WITHOUT PREJUDICE**. An appropriate order shall issue.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**


**Date: March 22, 2017**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-1096-01.wpd

36